Soft Line, S.p.A. v. Italian Homes, LLC, 2015 NCBC 24A (Amended 03-17-2015).

STATE OF NORTH CAROLINA

COUNTY OF GUILFORD

SOFT LINE, S.p.A., Individually, and
in the Right of and for the Benefit of
SOFT LINE CALIA AMERICA, LLC,

          Plaintiffs,

      v.

ITALIAN HOMES, LLC; CALIA
TRADE, S.p.A.; VINCENT
SCOCUZZA; GIUSEPPE CALIA; and
ANGELO CALCULLI,

          Defendants,

     and

SOFT LINE CALIA AMERICA, LLC,

          Nominal Defendant.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
13 CVS 9429

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CORRECTED ORDER ON MOTION
FOR ALTERNATIVE METHOD
OF SERVICE

{1}     THIS MATTER is before the Court on Plaintiff's Motion for Alternative Method of Service ("Motion"), which asks the Court to permit Plaintiff to serve a summons upon a foreign individual, Angelo Calculli ("Mr. Calculli"), by service on Italian Homes, LLC, a North Carolina limited liability company of which Mr. Calculli is a manager. For the reasons expressed below, the Motion is GRANTED.

*Womble Carlyle Sandridge & Rice, LLP by Jason C. Hicks, Mark N. Poovey, and Jonathan Reich for Plaintiffs.*

*Nexsen Pruet, PLLC by Gary L. Beaver, Christine L. Myatt, and Catherine B. Lane for Defendants Italian Homes, LLC; Calia Trade, S.p.A.; Vincent Scocuzza; and Giuseppe Calia.*

Gale, Chief Judge.

# I.  BACKGROUND

{2}  A more complete summary of the facts surrounding the substantive causes of action in the case may be found in the Court's Order on Defendants' Motion for Summary Judgment.  *See Soft Line, S.p.A. v. Italian Homes, LLC*, 2015 NCBC LEXIS 6, at *3–8 (N.C. Super. Ct. Jan. 16, 2015).

{3}  The issue presently before the Court is whether it can and should permit Plaintiff to serve Angelo Calculli, an Italian citizen, with a summons and the Complaint by serving Italian Homes, LLC, a North Carolina limited liability company.  Mr. Calculli is a manager of Italian Homes, LLC, but currently resides in Italy.

{4}  Plaintiff has attempted to serve Mr. Calculli through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention") using the only address that Defendants Italian Homes, LLC, Calia Trade, S.p.A., Vincent Scocuzza, and Giuseppe Calia ("Party-Defendants") have provided for Mr. Calculli in discovery.  Three months after submitting the pleadings to the proper Italian government agency, Plaintiff was advised that the Italian government was unable to serve Mr. Calculli.

{5}  Plaintiff has also requested that Mr. Gary Beaver, counsel of record for Party-Defendants, accept service on Mr. Calculli's behalf.  Mr. Calculli has not authorized Mr. Beaver to do so.

{6}  Plaintiff had proposed retaining a private process server in Italy, but suspended any such efforts when Party-Defendants offered to arrange for Plaintiff to depose Mr. Calculli in Italy in January 2015.  The agreement for the deposition was conditioned on Mr. Calculli not being served with the Complaint, required to answer questions about where he resides, or asked to provide any information that would assist Plaintiff in serving him with a summons.  The agreement for the deposition was initially withdrawn when Mr. Calculli learned that Plaintiff's

primary corporate representative, Modesto Scagliusi ("Mr. Scagliusi"), intended to attend.[1]

{7} Mr. Scagliusi later agreed not to attend Mr. Calculli's deposition. The deposition was taken in Rome, Italy, on January 14–16, 2015.

{8} Plaintiff renewed its Motion, which the Party-Defendants continue to oppose.

{9} The Motion has been briefed, the Court heard oral argument on October 29, 2014, and the matter is ripe for disposition.

## II. ANALYSIS

{10} Under the North Carolina Rules of Civil Procedure ("North Carolina Rule(s)"), service upon a defendant may be effected outside of the United States "[b]y any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or . . . [b]y other means not prohibited by international agreement as may be directed by the court." N.C. R. Civ. P. 4(j3). The North Carolina Rule mirrors Federal Rule of Civil Procedure ("Federal Rule(s)") 4(f), which provides that an individual may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or] . . . by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f).

{11} There is no guiding North Carolina precedent on the issue now before the Court. The Court may then look to interpretations of the Federal Rule to inform its analysis. *See Sutton v. Duke*, 277 N.C. 94, 101, 176 S.E.2d 161, 165 (1970), *cited in Hammond v. Hammond*, 209 N.C. App. 616, 629, 708 S.E.2d 74, 83 (2011).

---

[1] This caused Plaintiff to file its Motion to Compel Deposition and Motion for Entry of Order on Alternative Service, which renewed Plaintiff's Motion and asked the Court to compel Mr. Calculli's deposition. As Mr. Calculli later consented to deposition, the portion requesting the Court to compel his deposition is now moot.

{12}    Federal courts have determined that a party seeking to serve a defendant outside of the United States is not required to exhaust all internationally agreed means of service, such as the Hague Convention, before turning to a method not prohibited by international agreement. *See Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). Here, the Court, in its discretion, deferred its consideration of the Motion until at least several attempts at service were tried but failed.

{13}    Federal Rule 4(f)(3) allows extraterritorial service so long as (1) it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections;" (2) it does not violate any international agreement; and (3) the circumstances of the case necessitate court intervention. *See Nuance*, 626 F.3d at 1240 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)); *Rio Props.*, 284 F.3d at 1016. So long as service is reasonably calculated to give Mr. Calculli notice, due process does not further require that the individual served on behalf of Mr. Calculli represent him or be authorized to accept service on his behalf. *See Brown v. China Integrated Energy, Inc.*, 285 F.R.D. 560, 565–66 (C.D. Cal. 2012).

{14}    The Court remains mindful of the due process considerations attendant to substituted or alternative service. It will not, however, endorse evasive attempts to avoid service by one who is aware of the litigation and efforts to serve him.

{15}    Under the current circumstances of this case, the Court determines that serving the Complaint on Italian Homes, LLC satisfies requirements of North Carolina Rule 4 and due process. Mr. Calculli is a manager of Italian Homes, LLC and is active in its affairs. Service on the company is reasonably calculated to apprise him of the pendency of the action and to give him an opportunity to respond to claims against him. Party-Defendants' counsel has been able to communicate with Mr. Calculli by e-mail, telephone, and mail, but advises that Mr. Calculli

controls whether he will respond. (Defs.' Br. Opp'n Pl.'s Mot. Alternative Method Service 7.) Mr. Calculli is obviously aware of the litigation as a result of his deposition.

{16} The likelihood that a party to be served will respond is not among the determinative factors considered in allowing a motion for alternative service. The question is, rather, whether the individual will receive actual and adequate notice of the action. There are various, clear indications that service on Italian Homes, LLC is reasonably calculated to apprise Mr. Calculli of the claims against him in the present action and to give him an opportunity to respond. The record demonstrates that Mr. Calculli has responded to communications from Italian Homes, LLC in the past. He has made himself available for deposition based on communications that he has clearly received.

{17} The Court is aware of no international agreement between the United States and Italy that prohibits such service of Mr. Calculli, and Defendants have not pointed to any such agreement.

{18} Plaintiff has made diligent efforts but has been unable to serve Mr. Calculli through the Hague Convention or by other means. Therefore court intervention is merited, as is alternative service.

## III.   CONCLUSION

{19} For the foregoing reasons, Plaintiff's Motion for Alternative Method of Service by service of the summons and Complaint addressed to Angelo Calculli upon Italian Homes, LLC pursuant to North Carolina Rule 4(j3)(3) is GRANTED. The date of service should be the date Italian Homes, LLC is served in the above-described manner. Mr. Calculli's right to subsequently challenge the Court's personal jurisdiction over him is preserved.

{20} The Court has not considered the merits of any claims against Mr. Calculli in reaching its decision. Neither does the Court express an opinion on whether Mr. Calculli may raise a successful personal jurisdiction challenge.

IT IS SO ORDERED, this the 17th day of March, 2015.